IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-0694 |
| CAROL L. SHAVERS | § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This post-foreclosure case by Plaintiff HSBC Bank USA National Association ("Plaintiff") for forcible detainer is before the Court on Plaintiff's Motion to Remand [Doc. # 3]. Defendant Carol L. Shavers ("Defendant") filed a Response [Doc. # 6], and Plaintiff filed a Reply [Doc. # 7]. The Court has carefully reviewed the record, the parties' arguments, and the applicable law, and concludes the Motion to Remand should be **granted.**

## I.     BACKGROUND

On August 23, 2012, Plaintiff originally brought suit in Precinct 4 of the Harris County, Texas Justice of the Peace Court against Defendant's deceased husband, Butch A. Shavers. *See* Original Petition for Forcible Detainer ("Aug. 23 Original Petition") [Doc. # 3, Exh. A], at 1, 4. The Justice of the Peace Court dismissed

Plaintiff's case for want of prosecution on November 6, 2012. *See* Order to Dismiss for Want of Prosecution [Doc. # 3, Exh. B].

On February 1, 2013, Plaintiff filed an Original Petition for Forcible Detainer in Precinct 4 of the Harris County, Texas Justice of the Peace Court against Defendant as the "Independent Executor of the Estate of Butch A. Shavers and/or all Occupants" seeking a forcible detainer.[1] *See* Original Petition for Forcible Detainer ("Feb. 1 Original Petition") [Doc. # 3, Exh. C], at 1,4. On February 26, 2013, the Justice of the Peace Court granted Judgment for the Plaintiff. *See* Judgment for Landlord [Doc. # 3, Exh. D]. Defendant removed the case to the United States District Court for the Southern District of Texas on March 12, 2013. *See* Notice of Removal [Doc. # 1], at 1. Defendant asserts that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(b).

## II. FEDERAL QUESTION JURISDICTION

### A. Legal Standard

Congress allows for removal of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law. 28 U.S.C. § 1331; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Generally, "[t]he presence

---

[1] Although not identified in the Feb. 1 Original Petition, it appears Plaintiff seeks to assert a claim under Chapter 24 of the Texas Property Code.

or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim" and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Id.* Moreover, a case may not be removed to federal court on the basis of a federal defense, "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393; *see also Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003).

A state claim is removable when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (quoting *Grable*, 546 U.S. at 314). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations

omitted).

### B. Analysis

Defendant has not met her burden to establish that the Court has federal question jurisdiction. Plaintiff does not assert claims arising under federal law against Defendant. *See* Feb. 1 Original Petition, at 1-3. Defendant asserts that the Court has federal question jurisdiction because her Fourteenth Amendment due process rights were violated. *See* Response, at 2. "'A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action." *Hoskins*, 343 F.3d at 772 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Defendant does not make this showing. The Court lacks federal question jurisdiction.

## III. DIVERSITY JURISDICTION

### A. Legal Standard

While the United States Constitution requires only minimal diversity for federal courts to have subject matter jurisdiction in cases that lack a federal question, U.S. CONST. art. III, § 2, cl. 1; *see Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1064 n.3 (5th Cir. 1992) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)), Congress has imposed a higher threshold. Under 28

U.S.C. § 1332, there must be complete diversity and at least $75,000 in controversy. 28 U.S.C. § 1332; *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). In order for there to be complete diversity, all persons and entities on one side of the controversy must be citizens of states different from all persons and entities on the other side of the controversy. *McLaughlin*, 376 F.3d at 353; *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "For diversity jurisdiction, the party asserting federal jurisdiction must 'distinctly and affirmatively allege [ ]' the citizenship of the parties. Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citations omitted). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted). The removing party must demonstrate that the federal court has subject matter jurisdiction and that removal was proper. *Manguno*, 276 F.3d at 723 (citations omitted).

    **B.**    <u>**Analysis**</u>

Defendant also has not met her burden to show that the Court has diversity jurisdiction. Defendant is a citizen of Spring, Texas. *See* Notice of Removal, at 4; Eviction Case Appeal Bond [Doc. # 1, Exh. D], at 27; Homestead Declaration [Doc.

# 1, Exh. E], at 38. Under 28 U.S.C. § 1441(b):

> When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, provided that no defendant 'is a citizen of the State in which such action is brought.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)) (citing 28 U.S.C. § 1441(a)).[2] Plaintiff brought this action in Texas and Defendant is a citizen of this state. Removal by an in-state defendant is not permitted. Therefore, removal was not proper and the case must be remanded to state court. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-396 (5th Cir. 2009) (holding that the forum-defendant rule is a procedural requirement).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 3] is **GRANTED** and the case will be **REMANDED** to Precinct 4, Place 1 of the Harris County, Texas Justice of the Peace Court.

---

[2]    28 U.S.C. 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

SIGNED at Houston, Texas, this 29th day of **April, 2013.**

_____
Nancy F. Atlas
United States District Judge